JOSIAH S. MCCORMICK, APPELLANT, V. CITY OF OMAHA AND JOHN RUSH, TREASURER, APPELLEES.

FILED OCTOBER 4, 1893.   No. 4950.

**Metropolitan Cities:** DAMAGES BY EXTENSION OF STREET: ASSESSMENT UPON PROPERTY SPECIALLY BENEFITED: LIABILITY OF OWNERS OF PROPERTY NOT ADJACENT TO IMPROVEMENT. A city of the metropolitan class has power, in order to provide funds for the payment of damages awarded the owners of property appropriated for extending a street, to levy a special assessment upon all the property specially benefited abutting on or adjacent to the street so extended, and is not confined for the purpose of such assessment to the property abutting upon or adjacent to that portion of the street which constitutes the extension.

APPEAL from the district court of Douglas county. Heard below before DOANE, J.

The facts are stated in the opinion.

*Ambrose & Duffie,* for appellant, contending that appellant's property, two miles from that portion of the street opened and extended and not abutting on the street improved, is not "adjacent" within the meaning of the statute authorizing the assessment, and that no valid assessment can be made on account of special benefits, cited: Rapalje & L. Law Dic.; Anderson Law Dic.; Bouvier Law Dic.; *People v. Schermerhorn,* 19 Barb. [N. Y.], 556; *Scovill v. City of Cleveland,* 1 O. St., 130; *Curd v. Commonwealth,* 14 B. Mon. [Ky.], 386; *In re Ward,* 52 N. Y., 397; *Mattheissen v. City of La Salle,* 117 Ill., 411; *City of Indianapolis v. McAvoy,* 86 Ind., 557; *House v. Greensburg,* 93 Ind., 533; *Kemp v. Mitchell,* 29 Id., 225; *Continental Improvement Co. v. Phelps,* 47 Mich., 299; *Holmes v. Carley,* 31 N. Y., 289; *Wakefield Board of Health v. Lee,* 1 Exc. Div. [Eng.], 336; *City of Burlington v. Quick,* 47 Ia., 224; *United States v. Chaplin,* 31 Fed. Rep., 890; *United States v. Denver & R. G. R. Co.,* Id., 886; *In re Municipality No. 2,* 7 La. Ann., 76; *In re Jennings,* 6 Cow. [N. Y.], 544.

*W. J. Connell, contra,* cited: *City of Springfield v. Green,* 120 Ill., 269; *Weller v. City of St. Paul,* 5 Minn., 95; *In re Chestnut Avenue,* 68 Pa. St., 81.

*A. J. Poppleton,* also, for appellees.

IRVINE, C.

This case involves the construction of certain portions of the act relating to metropolitan cities, fixing the authority of such cities to levy local assessments for the purpose of paying damages awarded to owners of property taken for the opening of streets.

The petition, after alleging the corporate capacity of

Omaha as a metropolitan city and the official position of the defendant Rush, avers that the mayor and council, having declared the necessity of opening and extending Thirteenth street from Spring street to the south city limits, and having determined the damages therefor to the owners of property taken for such opening and extension, passed an ordinance assessing and levying upon the property extending from and including the corner of Thirteenth and Douglas streets south upon each block to the south city limits on Thirteenth street, a tax for the purpose of paying such damages; that said tax was assessed upon said property fronting and lying upon Thirteenth street upon either side thereof from Thirteenth and Douglas street to the south city limits as having been especially benefited to the full amount of the tax; that the plaintiff is the owner of two lots lying upon the corner of Harney and Thirteenth streets and having a frontage of 132 feet upon each street, and is also the owner of the south 88 feet of another lot lying upon the corner of Thirteenth and Howard streets, and all of said property is at least one and one-half miles from the south limits of the city; that said property does not abut on and is not adjacent "to the said street so as aforesaid opened and extended," and is not subject to taxation for paying the damages assessed; that nevertheless an assessment was levied upon each of said lots, and that defendants were proceeding to collect the taxes. An injunction was asked to prevent the collection of the taxes, and a decree sought declaring the tax illegal and not a lien upon the property.

To this petition a general demurrer was filed which was sustained, and the plaintiff electing to stand on his petition, there was a judgment of dismissal from which plaintiff appeals.

The sections relating to cities of the metropolitan class under which the defendant city must derive its authority to levy the assessment in question, so far as they are ma-

terial to the question involved, are as follows : Section 69
is a long section containing a grant of power to generally
open and improve streets, and defining particularly the
manner in which grading, curbing, guttering and paving
shall be done and paid for.   The only portion of the sec-
tion referring to the opening and extension of streets is as
follows:

"The mayor and council shall have power to open, ex-
tend, widen, narrow, grade, curb, and gutter, park, beautify,
or otherwise improve and keep in good repair, or cause the
same to be done in any manner they may deem proper, any
street, avenue, or alley within the limits of the city, * * *
and to defray the cost and expense of improvements or any of
them, the mayor and council of such city shall have power
and authority to levy and collect special taxes and assess-
ments upon the lots and pieces of ground adjacent to or
abutting upon the street, avenue, alley or sidewalk thus in
whole or in part opened, widened, curbed, and guttered,
graded, parked, extended, constructed, or otherwise im-
proved or repaired, or which may be especially benefited
by any of said improvements."

Section 73 provides that "All special taxes to cover the
cost of any public improvement herein authorized shall be
levied and assessed on all lots, parts of lots, lands and real
estate bounding, abutting, or adjacent to such improvement,
or within the district created for the purpose of making
such improvement, to the extent of the benefits to such
lots, parts of lots, lands, and real estate by reason of such
improvement, such benefits to be determined by the council
sitting as a board of equalization," etc.

Section 118 grants the power of eminent domain for
streets, alleys, avenues, sewers, parks, boulevards, public
squares, gas-works, water-works, and other purposes.

Section 119 provides that " The council shall have power
and is hereby authorized to assess the damages awarded or
recovered for grading, change of grade, or for the appro-

priation of private property upon the lots and lands bene-
fited, which shall abut or be adjacent to the street, avenue,
or alley graded, or for the opening, extending, or widening
of which private property shall be appropriated."

It will be observed that the petition alleges in effect that
the property of the plaintiff has a frontage upon Thirteenth
street, but that it lies one mile and one-half north of the
south city limits. The improvement for which the tax was
levied was for the extension of Thirteenth street from
Spring street to the south city limits. The distance from
plaintiff's property to Spring street, the north end of the
extension, is not alleged, and the judgment might be af-
firmed upon the ground that it does not appear from the
petition that plaintiff's lots do not abut upon that portion
of the street opened. It is assumed in both briefs, how-
ever, that Spring street is a considerable distance south of
plaintiff's property, and, as the case was argued upon both
sides upon this assumption, we prefer to base our decision
upon the same ground.

The plaintiff's property, under any definition of the term
"adjacent," is adjacent to Thirteenth street. In fact it abuts
thereon, but it is more than doubtful whether under any
circumstances it could be said to be adjacent to that portion
of Thirteenth street for the opening of which the tax was
levied. The precise question presented for determination
is, therefore, whether under the statutes referred to, the city
has the power, for the purpose of raising funds to pay the
damages awarded to the owners of property appropriated
for extending a street, to levy a special assessment upon
any property benefited which abuts upon or lies adjacent to
any portion of the street so extended, or whether, upon the
other hand, the power of the city is restricted to the levy
of assessments upon property abutting upon or adjacent to
that portion of the street so opened, or, in other words, the
extension itself.

This question is surrounded with difficulty. Good rea-

soning may be and in fact has been advanced in support of either view. Authority is of little value unless based upon statutes identical in language with our own. Such authority we have not been able to find, and in the construction of statutes quite similar to our own, eminent courts have reached different conclusions. Thus in Minnesota the statute provides that the cost of "grading * * * streets shall be chargeable to and payable by the lots fronting *on such streets.*" It was held that an assessment levied upon lots fronting only upon that portion of the street improved was void, and that it was imperative that the tax should be laid upon all the lots fronting upon the whole street. (*Weller v. City of St. Paul,* 5 Minn., 70.)

In *Re Chestnut Avenue,* 68 Pa. St., 81, a similar construction was given a similar statute, but in this case, it should be noted, Judge Sharswood dissented.

Upon the other hand, in the case of *In re Municipality No. 2,* 7 La. Ann., 76, the word "adjacent" was given the force of "contiguous," and it was held that only land contiguous to the *portion of the street improved* was subject to assessment. The language of the statute does not, however, appear in the report.

In *Scovill v. City of Cleveland,* 1 O. St., 126, Ranney, J., delivered the opinion construing a statute which granted power to levy a special tax to pay the cost of grading, paving, or otherwise improving any road, street, etc., by discriminating assessment upon the land and ground *bounding and abutting upon said road,* etc., or near thereto, in proportion to the benefit accruing therefrom to such ground or land. It was held that the city was restricted in this assessment to lands *abutting upon the improvement* or near thereto.

The foregoing cases are the only ones to which our attention has been directed, nearly enough in point to throw any real light upon the question, and the diversity of conclusions reached renders it necessary for us to consider this case upon general principles and with a view solely to the

construction of our own statutes. Of the sections applicable to street extensions, section 69 contains a general grant of power to levy and collect special taxes "upon the lands and pieces of ground adjacent to or abutting upon the street, avenue, alley, or sidewalk," in whole or in part, improved; and the improvement contemplated by this section is not only opening or extending, but also grading, paving, parking and beautifying. A later provision of the section expressly limits the tax for grading, curbing, guttering, and paving to the property abutting upon that portion of the street improved. The object of this section seems to be to provide funds for the actual making of such improvements, and not for the payment of damages arising out of the exercise of the right of eminent domain. It is, therefore, only applicable to this case in so far as similarity or difference of language may aid us in the construction of section 119. The same remark may be made as to section 73.

In section 119 is found the grant of power upon which this tax must be based. Here the authority is to assess the damages awarded for the appropriation of property "upon the lots and lands benefited which shall abut or be adjacent to the street, avenue, or alley * * * for the opening, extending, or widening of which private property shall be appropriated."

The legislature had in mind the opening of a portion only of a street. This is shown by the use of the word "extended," which clearly implies the prolongation of an existing street. This kind of an improvement being then clearly in view of the legislature, the exact language of the statute is very significant. The tax may be levied upon any lands benefited which shall "abut or be adjacent to the street." It would seem that had the legislature intended to confine the tax to property adjacent to the *improvement*, it would have used appropriate language.

In the next place, by giving the statute the construction

for which defendants contend, greater force is given to the further limitation that the tax shall be confined to the lots and lands benefited. There is no other property subject to local assessments, and in the absence of the expression of this limitation, upon constitutional principles, the courts would read such language into the statute. The expression of this limitation, it may be inferred, was in view of a broad power granted to go beyond the region of the improvement itself and tax land upon the same street, provided such land was benefited.

A further reason for this construction is that it is more equitable. It is not in all cases that the extension of a street confers a special benefit upon all property abutting upon the street. In most cases, however, it is not the property abutting upon, or adjacent to the extension which receives the sole benefit. Property lying at a very considerable distance from the extension may, by the opening of a street beyond its former terminus, receive a benefit special in its nature and distinct from the benefit conferred upon the community at large. In such case such property ought to bear its proportionate burden. It would be unfair and unjust to impose the whole burden upon only a small portion of the property benefited.

In some of the authorities cited by plaintiff, the narrower construction is given statutes upon the ground that there existed no forum to determine benefits, and the acts themselves not restricting the tax to the property benefited, they must be so limited by construction as to confine the tax to such property as might conclusively be presumed to receive the benefits. No such obstacle exists in our statutes. A manner of equalizing such assessments is provided, and the council is made, in the first instance at least, the judge of benefits conferred. The statute restricts the council in determining what property shall be assessed to the property it shall determine was benefited.

It might be urged that section 73 limits the tax to the

lands bounding, abutting, or adjacent to such improvements, but the language of this section, when taken as a whole, clearly refers to section 69, which, as before pointed out, applies to the cost of actually making the improvement, and not to the payment of damages. Whether this section is a limitation upon the general grant quoted from section 69, and which would, in the absence of section 73, from similarity of language, receive the same construction as section 119, is not for us here to determine. The legislature may have deemed proper to provide different limits of taxation for the two different purposes. At any rate, if section 73 is to be construed for the purposes to which it is applicable, as limiting the power to tax to property adjacent to the *improvement*, is not applicable to the case under consideration, and the absence of such a limitation upon the imposition of taxes to pay awards of damages grounds an inference in favor of the broad construction rather than the narrow.

It is nowhere alleged in the petition that plaintiff's property was not specially benefited to the amount of the tax imposed, and as it abuts upon the street extended we think it was subject to taxation.

The judgment of the district court was right and is

AFFIRMED.

THE other commissioners concur.