ALEXANDER J. HART ET AL., APPELLANTS, V. CITY OF OMAHA ET AL., APPELLEES.

FILED NOVEMBER 11, 1905. No. 13,810.

1. **Cities:** PARKS AND BOULEVARDS: SPECIAL ASSESSMENTS. Section 101*b*, chapter 12*a*, Compiled Statutes 1903, authorizes a special assessment on such real estate as may be "specifically" benefited by a park or boulevard to pay for the land appropriated or purchased for such improvement.

2. **Statutes Not in Conflict.** The provisions of that section are not controlled by nor in conflict with section 158 of the above chapter, which provides generally for the assessment of damages for the appropriation of private property for street purposes upon abutting or adjacent real estate.

3. **Bonds.** Section 101*b*, *supra*, does not require the issuance of bonds under any and all circumstances when lands are appropriated for the construction of parks, parkways or boulevards, but only where the special assessment is insufficient for that purpose.

4. **Special Benefits:** QUESTION OF FACT. Ordinarily, whether a particular lot or tract of land is specially benefited by a park, parkway or boulevard is a question of fact, upon which the distance of the land from such improvement would have a bearing, but the mere fact that real estate is three-quarters of a mile from a boulevard will not enable the court to say as a matter of law that it is not specially benefited thereby.

APPEAL from the district court for Douglas county: CHARLES T. DICKINSON, JUDGE. *Affirmed.*

*H. W. Pennock,* for appellants.

*W. H. Herdman, C. C. Wright* and *A. G. Ellick, contra.*

ALBERT, C.

Section 101*b*, chapter 12*a*, Compiled Statutes 1903 (Ann. St. 7552), relating to cities of the metropolitan class, provides for the appointment of park commissioners, and defines their powers and duties. One of the duties enjoined upon such commissioner is "from time to time to devise, suggest and recommend to the mayor and coun-

cil a system of public parks, parkways and boulevards or additions thereto within the city, or within three miles of the limits thereof, and to designate the lands, lots or grounds necessary to be used, purchased or appropriated for such purpose." There follows, in the same section, this provision: "And thereupon it shall be the duty of the mayor and council to take such action as may be necessary for the appropriation of the lands, lots or grounds so designated, the power to appropriate lands, lots or grounds for such purpose being hereby conferred on the mayor and council, and for the purpose of making payments for such lands, lots or grounds so appropriated or purchased as hereinafter provided, assess such real estate as may be specifically benefited by reason of the appropriation or purchase thereof for such purpose, and issue bonds as may be required for such purpose, to the extent and amount required in excess of such assessments." The preliminary steps required by this section for the levy of a special assessment to pay for the lands appropriated for a boulevard connecting two parks of the city of Omaha were taken and their regularity is not assailed at this time. Such special assessment was levied against the property which was found to be specifically benefited, including certain lots belonging to the appellant, Della C. Patrick, which are about three-fourths of a mile from the improvement in question. This suit, so far as said appellant is concerned, was brought to restrain the collection of the assessment levied against her property. She was denied relief below, hence her appeal.

It is claimed that the assessment is void because appellant's property neither abuts upon such boulevard nor is adjacent thereto. It is argued that section 101b, *supra*, was not intended to specify the real estate which might be assessed for the purpose of opening a boulevard, but merely to cover, in general terms, the organization, powers and duties of the park commissioners, and that the power to assess for such purpose is restricted by section 158 (Ann. St. 7626) of the same chapter to property abutting

or adjacent property. The language of this section, so far as material at present, is as follows: "The council shall have power, and is hereby authorized, to assess the damages awarded or recovered for grading, change of grade, or for the appropriation of private property, upon the lots and lands benefited, which shall abut or be adjacent to the street, avenue or alley graded, or for the opening, extending or widening of which private property shall be appropriated," etc. In support of this argument the appellant also relies on *McCormick v. City of Omaha*, 37 Neb. 829, where it was held that a provision of the Omaha charter of 1887, identical with section 158, *supra*, was held to confer the only statutory power to assess the cost of opening and extending a street, and section 69 of that chapter, which in general terms, granted the power to assess for paving and extending a street, was not applicable. It is now contended that section 69 sustains the same relation to the case referred to that section 101*b* sustains to this case. This construction cannot be sustained. Section 69, *supra*, is too long to set out at length. It contains a general grant of power to levy and collect special taxes to pay for opening, extending, grading, "parking," curbing and beautifying streets. It expressly limits the tax for grading, curbing, guttering and paving to the property abutting on that portion of the street improved. It contains no provision for the payment of damages arising from the exercise of the right of eminent domain. Because of such omission, the court held, in *McCormick v. City of Omaha, supra*, that there was no authority under section 69 to levy a special assessment to pay such damages, but that resort must be had to another section of the same chapter, which we have heretofore said is identical with section 158, *supra*. But section 101*b*, *supra*, in express terms requires the mayor and council to levy a special assessment upon "such real estate as may be 'specifically' benefited," etc. The difference between a section of a statute which confers no authority upon the municipal authorities to act, and one which not only confers such

authority, but makes it mandatory upon such authorities to act, and the effect of that difference on the value of *McCormick v. City of Omaha, supra,* as a precedent in this case are too obvious to require elucidation. The provisions of section 158 in nowise conflict with those of section 101b. Each gives the municipal authorities power to levy special assessments. By the general provisions of the former, such power is restricted to abutting or adjacent real estate. By the express provisions of the latter, such power is extended, in special cases, to real estate "specifically benefited." The assessment in question falling within the latter, the special provisions thereof as to the property subject to the assessment must prevail. To hold otherwise would be to ignore the legislative intent, expressed in plain and unmistakable language. That this court cannot lawfully do.

It is charged that the assessment is unjust and oppressive. But no irregularity in the proceedings of the municipal authorities is pointed out. On the face of the record, it would seem that all the steps essential to a valid levy had been taken. No fraud, gross injustice or mistake has been shown which would bring the case within the rule announced in *Wead v. City of Omaha,* 73 Neb. 321. The charge appears to be based solely on the fact that the appellants' property, being about three-fourths of a mile from the boulevard, cannot be "specifically" benefited thereby. But whether property is thus benefited is a question of fact, which must depend upon the facts and circumstances in each case. On such question, the distance of the property from the boulevard would undoubtedly have an important bearing. But this court is now asked to say, as a matter of law, that, because the property is three-fourths of a mile from the boulevard, it receives no special benefit therefrom, and inferentially, that the assessment thereof for the purpose stated amounts to fraud, gross injustice or mistake. This the court, acting within its constitutional bounds, is unable to do. We do not mean to be understood to say that the distance might not

be so great in a given case as to enable the court to say, as a matter of law, that the property was not specially benefited. That question stands open. What we do hold is that this court cannot say, in view of all the facts and circumstances, that, because the property is three-fourths of a mile from the boulevard, it derives no special benefit from such thoroughfare.

It is next contended that the assessment is void because the entire cost of opening the boulevard was assessed to private property, while section 101b provides for the issuance of bonds therefor. The section does not unqualifiedly provide that bonds shall be issued, but only "to the extent and amount required in excess of such assessments." If the assessments levied according to law were sufficient to pay the entire cost of the improvement, there was no "excess," and bonds were not required. The legislature certainly never intended to compel an unnecessary bond issue.

It is recommended that the decree of the district court be affirmed.

JACKSON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.