STATE OF NEBRASKA, APPELLEE, v. SEVERAL PARCELS OF LAND ET AL., APPELLANTS.

FILED JANUARY 17, 1907.   No. 14,639.

1. **Cities**: IMPROVEMENTS: BENEFITS. Ordinarily the question whether property will be especially benefited by a street improvement is one of fact for the determination of a local board or officer making it, and, in the absence of fraud, mistake or a transgression of authority, such determination will not be reviewed by the courts.

2. ———: ASSESSMENTS. One whose property is not taken or damaged by a street improvement cannot defeat a special assessment for benefits accruing to his property from such improvement, on the sole ground that others, whose property has been taken or damaged thereby, have waived their right to compensation in money and have accepted something else in lieu thereof.

3. ———: IMPROVEMENTS: PETITION. An omission by a petitioner for a street improvement to note in the petition the date of his signature, as required by statute, will not have the effect to render the proceedings wholly void, and defeat an assessment for special benefits accruing from such improvement after the latter has been completed without objection by anybody.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE.   *Affirmed.*

*G. W. Shields,* for appellants.

*John P. Breen, W. H. Herdman* and *H. E. Burnam,
contra.*

AMES, C.

This is an appeal by a lot owner in the city of Omaha from a decree of foreclosure, in an action under the so-called scavenger act, of liens of three several special assessments for local street improvements. There is no dispute relative to the facts.

One of the streets for the improvement of which an assessment complained of was levied is called "Central Boulevard," and the objection made is that there were and are between it and the property assessed "certain other streets and alleys (neither the record nor briefs of counsel inform us how many) opened and in use as public highways," and it is contended that, therefore, the improvement of the boulevard was not and could not have been a particular benefit, although it may have been a general one, to the property in question, for the making of which a special assessment was or could have been lawfully made. It is manifest that from so vague a statement one not familiar with the locality, and with the character and situation of the property, and of its surroundings and accessibility, can form no intelligible opinion as to whether it was at all, or, if at all, to what degree or amount, especially benefited by the improvement in question. Ordinarily such inquiries are questions of fact for the determination of some local board or officer making them, and, in the absence of fraud, mistake or transgression of authority, such determination will not be reviewed by the courts. *Hart v. City of Omaha,* 74 Neb. 836.

Another of the cases complained of is an instance in which the city appropriated certain lands for the establishment and opening of a public street, and levied against a lot belonging to appellant the sum of $7 as the assess-

ment for special benefits accruing to it from the operation. It is alleged against this transaction that property owners to whom were awarded damages for the taking of or injury to their property waived their right under the statute to be paid the same in money and accepted city warrants in lieu thereof. How such conduct injuriously affected appellant, whose property was not taken or damaged, or in what manner it affected the validity of an assessment previously lawfully made, or defeated or diminished special benefits accruing to appellant's ground from the opening and improvement of the street, has not been explained to us, and we do not know.

A third instance is one of repavement of a certain street. There was exactly the requisite number of signers upon a petition conferring jurisdiction upon the mayor and council to make the improvement, and it is not complained that the procedure was in any respect unlawful or irregular, except that one signer owning property abutting for a distance of $101\frac{1}{2}$ feet on the street improved did not attach to his signature the date of making it, as he was required by statute to do; but he is not the complaining party, nor does it appear that any one else has complained, except the appellant, who is not a petitioner. What the object of the legislature was in requiring the date to be noted we do not think it necessary now to inquire. We cannot see any reason to suppose that it was intended that so comparatively trivial an omission shall have the effect wholly to avoid the proceedings, and defeat assessments for the improvement after the latter has been completed without objection by anybody. We think the trial court was right in holding that in a suit of this kind the requirement will be held as directory only. Minor regulations of like kind are commonly so regarded, when objection to their omission is not seasonably taken, and it is not shown to have resulted injuriously to the public or individuals. *Hart v. City of Omaha,* 74 Neb. 836; 2 Lewis' Sutherland, Statutory Construction (2d ed.), sec. 611.

We recommend, therefore, that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.